WILLIAMS, Judge.
In this paternity suit, we granted writs on application of the defendant, James Arthur McCain, to review the trial court’s ruling denying a motion to strike the pleadings and to suppress blood test results. The' trial court held that a show cause hearing was not required before a court order for compulsory blood testing is issued pursuant to LSA-R.S. 9:396(B). For the reasons expressed herein, we reverse the ruling of the lower court and remand this case for further proceedings.
FACTS
On March 9, 1993, the State of Louisiana, through the Department of Social Services, Office of Family Support (DOSS), represented by the district attorney’s office, filed an ex parte motion and order for the blood testing of the defendant, James Arthur McCain. The motion was accompanied by a form affidavit signed by S.V., the mother, alleging that the defendant was the father of her minor child.[1] Based upon the allegations of the motion and the affidavit, the trial court ordered the defendant, the mother, and the child to undergo blood testing. The results of the blood tests indicated the probability of defendant’s paternity was 99.59%, with a combined paternity index of 243 to 1.
*652 As a consequence of the blood test results, the district attorney, acting on behalf of DOSS, filed ahpetition to establish paternity and support against the defendant. In response, the defendant filed a motion to the strike pleadings and a motion to suppress the test results.[2] The defendant argued that the admission into evidence of the blood test results, without a show cause hearing, would violate his constitutional right to due process. He sought to have statements regarding the test results stricken from the pleadings and evidence of the results declared inadmissible at the trial.
After a hearing on the defendant’s motions, the trial court held that a defendant in a paternity action is not afforded the benefit of a show cause hearing before he is compelled to submit to the blood tests if the action is brought by the district attorney’s office. He distinguished this action from a private action instituted under LSA-R.S. 9:396(A).[3] The trial court concluded that when the state institutes its paternity action under LSA-R.S. 9:396(B), a show cause hearing is not required ^because the state produces an affidavit which establishes probable cause for the blood testing.[4]
DISCUSSION
The sole issue presented for our resolution is whether a show cause hearing is required before the court can order compulsory blood tests pursuant to LSA-R.S. 9:396(B).
The defendant contends that although a paternity action is civil and not criminal in nature, the constitutional prohibition against unreasonable searches and seizures is still applicable, and a proper showing of sufficient justification under the particular factual circumstances of the case must be made before a court may order a compulsory blood test. He argues a show cause hearing must be held in which the court can determine whether there is sufficient evidence to establish a prima facie case which warrants the issuance of a court order for blood testing. Defendant also asserts that a show cause hearing would give him an opportunity to present evidence and to cross-examine and confront any witnesses. He argues he was denied these rights when the state was uallowed to submit an ex parte affidavit and obtain a court order for blood testing.
We note the defendant did not object to the lack of a show cause hearing until after the blood testing already had been completed. The state argues, and we agree, that if the defendant’s objection had been to the admissibility of the test results based upon a challenge to the testing procedure, then the challenge would had to have been made within 30 days of the date that the defendant received or was served notice of the test *653 results. See LSA-R.S. 9:397.3. However, the objection here is not to the testing procedure, but to the lack of a show cause hearing prior to the compulsory order to submit for blood testing. Nevertheless, one could make the argument that the defendant should have raised his due process objection before he submitted to the blood test. We are cognizant of the fact that the principal harm that might befall the defendant by not affording him a show cause hearing comes from the introduction of the test results into evidence rather than the invasive procedure through which the blood samples are collected. From this perspective, we find that since the blood test results have not yet been admitted into evidence at the trial of this matter, the defendant has not waived his objections to admissibility.
In denying the defendant’s motions, the trial court found that the case In the Interest of the Minor Child, J.M., 590 So.2d 565 (La.1991) requires a show cause hearing only in paternity actions instituted by private individuals and not in actions instituted by the district attorney on behalf of the state. We disagree.
The Louisiana Supreme Court in the case In the Interest of the Minor Child, J.M., supra, held that a | sproper showing of sufficient justification under the particular factual circumstances of the case must be made before a court may order a compulsory blood test. The Court concluded:
We therefore require a showing, on a rule to show cause, at which the parties have an opportunity to present evidence regarding the mother’s relationship with the alleged father, with rights of cross-examination and confrontation of witnesses, and in which counsel may present oral argument to the court.
In the Interest of the Minor Child, J.M., 590 So.2d at 570.
Based upon this language, we reject the state’s argument that the filing of an affidavit pursuant to LSA-R.S. 9:396(B) is sufficient to satisfy due process requirements. Instead, we interpret In the Interest of the Minor Child, J.M., supra to require that in cases in which paternity is contested and a party refuses to voluntarily undergo a blood test, a show cause hearing must be held in which the court can determine whether there is sufficient evidence to establish a prima facie case which warrants the issuance of a court order for blood testing. At that hearing, the moving party must show that there is a reasonable possibility of paternity. Further, the defendant shall have the constitutional right to cross-examination and confrontation of witnesses, and counsel for the defendant may present argument to the court. These rights cannot be realized when the district attorney merely files an affidavit into the record of the proceedings.
We find no clear distinction between the wording of Sections A and B of the statute which would alleviate the constitutional necessity of a show cause hearing under either section prior to the issuance of a court order for compulsory blood testing.
I (¡In light of our interpretation of In the Interest of the Minor Child, J.M., supra, and the due process clauses of the United States and Louisiana Constitutions, we hold that the requirement of a sworn affidavit in proceedings brought pursuant to LSA-R.S. 9:396(B), although sufficient to trigger the issuance of an order for a show cause hearing, is insufficient to satisfy due process requirements before an alleged father can be ordered to submit to compulsory blood testing.[5]
Therefore, we conclude that a defendant in a paternity suit initiated by the state under the provision of LSA-R.S. 9:396(B) is entitled to a show cause hearing before he can be compelled to submit to blood tests.
DECREE
Accordingly, the ruling of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND RENDERED.

. In her affidavit, S.V. alleged she had a sexual relationship with the defendant; the relationship resulted in the conception of the minor child; and during the six-month period beginning three months before and continuing until three months after she became pregnant with the minor child, she did not have sexual relations with anyone other than the defendant.

. Defendant also filed an exception of nonjoinder of an indispensable party. He alleged that the mother of the minor child was married to R.V. at the time of the minor child's conception and birth and is presently married to R.V. Thus, R.V. is the minor child's alleged father and an indispensable party to the suit.

. LSA-R.S. 9:396(A) provides:
Notwithstanding any other provision of law to the contrary, in any civil action in which paternity is a relevant fact, or in an action en desaveu, the court, upon its own initiative or upon request made by or on behalf of any person whose blood or tissue is involved, may or, upon motion of any party to the action made at a time so as not to delay the proceedings unduly, shall order the mother, child, and alleged father to submit to the collection of blood or tissue samples, or both, and shall direct that inherited characteristics in the samples, including but not limited to blood and tissue type, be determined by appropriate testing procedures. If any party refuses to submit to such tests, the court may resolve the question of paternity against such party or enforce its order if the rights of others and the interests of justice so require.

.LSA-R.S. 9:396(B)(1) provides in pertinent part:
Upon ex parte motion of the district attorney and sworn affidavit of the party alleging specific facts tending to prove paternity and other facts necessary to establish the jurisdiction and venue of the court, the court shall issue an ex parte order directing the mother, child, and alleged father to appear at a certain date and time to submit to the collection of blood or tissue samples, or both, and shall direct that inherited characteristics in the samples, including but not limited to blood and tissue type, be determined by appropriate testing procedures. The order shall be personally served upon the alleged father. If any party refuses to submit to such tests, the court, in a subsequent civil action in which paternity is a relevant fact, may resolve the question of paternity against such party or enforce its order if the rights of others and the interests of justice so require.

. We note that at least one parish of this state is presently following the procedure of requesting a show cause hearing prior to obtaining an order for blood tests in cases brought by the district attorney under the provision of LSA-R.S. 9:396(B). See generally. State, Dept. of Social Services v. Williams, 605 So.2d 7 (La.App.2d Cir.1992).